NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3314

ADRIENA SARVASOVA,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: March 23, 2005

_____

Before SCHALL, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

Adriena Sarvasova ("Ms. Sarvasova") seeks review of the Merit Systems Protection Board ("Board") decision affirming the ruling of the Office of Personnel Management ("OPM") that denied her claim for a survivor annuity. Sarvasova v. Office of Pers. Mgmt., SF-0831-03-0422-I-1 (M.S.P.B. July 22, 2003) (Initial Decision). We have considered Ms. Sarvasova's constitutional claim and find it without merit. We therefore affirm the judgment of the Board.

BACKGROUND

Orion H. Pettengill ("Mr. Pettengill") retired from the federal service, effective September 4, 1993, with the right to an immediate lifetime annuity under the Civil Service Retirement System ("CSRS"). On December 10, 2002, he and petitioner, Ms. Sarvasova, married. In a letter dated November 29, 2002, and mailed December 19, 2002, Mr. Pettengill sent notice to OPM that he wished to provide Ms. Sarvasova with a survivor annuity. He died from cardiopulmonary arrest the next day, December 20, 2002.

After Mr. Pettengill's death, Ms. Sarvasova filed a claim with OPM for survivor annuity benefits under the CSRS. On February 27, 2003, Ms. Sarvasova's claim was denied because she did not satisfy one of the conditions required by 5 C.F.R § 831.642 (2005) – specifically, that she was married to the annuitant, Mr. Pettengill, for less than nine months prior to his death. Ms. Sarvasova sought reconsideration of OPM's initial determination. Upon reconsideration, on April 30, 2003, OPM in its final decision found that "[e]ven if your spouse had made the election [of survivor benefits], you had not been married for the minimum 9 months required by Federal statute." On May 15, 2003, Ms. Sarvasova appealed OPM's final decision to the Board, seeking review of the determination that she was not entitled to a survivor annuity under 5 U.S.C. § 8341 (2000).

In the Board's initial decision on July 22, 2003, after reviewing the evidence in the record, including Ms. Sarvasova's hearing testimony where she conceded that she had not been married to her husband for at least nine months before his death, the administrative judge ("AJ") affirmed the final decision of OPM. Specifically, the AJ found

that Ms. Sarvasova did not meet the statutory definition of "widow" that would entitle her to a survivor annuity because she failed to be married to Mr. Pettengill "for at least nine months immediately before his death." See 5 U.S.C. § 8341(a)(1)(A). Additionally, the AJ determined that Ms. Sarvasova's arguments challenging as unfair the application of the statute because it would leave her in "dire financial straits" were without merit. The AJ, citing to Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 434 (1990), stated it would be improper to apply equitable estoppel to prevent the government from enforcing a statutory provision governing a claimant's eligibility for public funds. The decision of the Board became final March 23, 2004, when the Board denied Ms. Sarvasova's petition for review. Ms. Sarvasova timely appealed to this court and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm the Board's decision unless we determine that it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. See 28 U.S.C. § 7703(c) (2000); Killeen v. Office of Pers. Management, 382 F.3d 1316, 1320 (Fed. Cir. 2004).

On appeal, Ms. Sarvasova is not challenging the Board's determination of the denial of her survivor annuity claim; instead, she seeks to strike from 5 U.S.C. § 8341(a)(1) the nine month condition of marriage because it violates her constitutional rights guaranteed under the Fifth Amendment. Specifically, she argues for the first time that "§ 8341(a)(1) is unconstitutional in that it deprives [her] of her right to due process and equal protection of the laws through invidious discrimination by excluding her from

eligibility for [a] survivor annuity benefit." Ordinarily this court will not consider questions not raised before the Board, but in this instance, Ms. Sarvasova will not be precluded from raising her constitutional challenge. See Beard v. Gen. Servs. Admin., 801 F.2d 1318, 1321 (Fed. Cir. 1986) (allowing the merits of a constitutional claim to be addressed despite failing to raise the argument before the Board).

In asserting 5 U.S.C. § 8341(a)(1)'s unconstitutionality, Ms. Sarvasova argues that the definition of "widow" sets out two arbitrary categories with no apparent rational basis. See 28 U.S.C. § 8341 (defining widow to mean a "surviving wife of an employee who was married [to an employee or Member] for at least nine months immediately before his death" or "the mother of issue by that marriage"). Ms. Sarvasova claims that the overall statutory scheme provided in § 8341 does not define a reasonable classification because it allows a mother of issue to be eligible to receive a survivor annuity regardless of the length of time she was married to the decedent, while a surviving wife without issue is not eligible for a survivor annuity benefit unless the marriage lasted at least nine months immediately before the decedent's death. Ms. Sarvasova argues that it is arbitrary and without a rational basis to exclude "those widows who have less than a nine month marriage where there are no other competing spouses, divorced wives or mothers."

Additionally, Ms. Sarvasova argues that the classification has no legitimate governmental purpose. Because Ms. Sarvasova believes the intent of the statute is "to provide for those spouses who have become dependent on the decedent, she asserts that there is no rational distinction between a marriage of one month, four months, five months, or nine months." Specifically, Ms. Sarvasova maintains that "a nine month

waiting period . . . does not add to [the] need for support from the deceased to survive nor does it insure against other possible competing spouses." Despite Ms. Sarvasova's arguments to the contrary, § 8341(a)(1) does not establish two arbitrary categories nor does it fail to have a legitimate governmental purpose.

Section 8341, a statutory provision that provides for governmental payments of monetary benefits, is entitled to a strong presumption of constitutionality. See Mathews v. Castro, 429 U.S. 181, 185 (1976). "Governmental decisions to spend money to improve the general public welfare in one way and not another are 'not confided to the courts. The discretion belongs to Congress, unless the choice is clearly wrong, a display of arbitrary power, not an exercise of judgment.'" Id. (citing Helvering v. Davis, 301 U.S. 619, 640 (1937)). Moreover, equal protection is not denied "merely because the classification made by [Congress'] laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.'" Dandridge v. Williams, 397 U.S. 471, 485 (1970) (quoting Lindsley v. Nat'l Carbonic Gas Co., 220 U.S. 61, 78 (1911)). Thus, to overcome a constitutional attack, it is only necessary to show "any reasonably conceivable state of facts that could provide a rational basis for the classification." Fed. Communications Comm'n v. Beach Communications, Inc., 508 U.S. 307, 313 (1993). Accordingly, for a successful constitutional attack of § 8341, Ms. Sarvasova must demonstrate that the nine month classification in the statute has no rational basis.

Ms. Sarvasova has not shown that the classification is without a reasonable basis. While the nine month classification in practice results in some inequality, the

legislative history shows that Congress' decision to enact a length of marriage requirement for annuity eligibility stemmed from efforts to protect the CSRS "against so-called deathbed marriages." H.R. Rep. No. 93-882 (1974), reprinted in 1974 U.S.C.C.A.N. 2868, 2869. Congress' intent to prevent surviving spouses married less than nine months from financial windfalls provides a rational basis for the nine month classification. Because a rational basis exists, Ms. Sarvasova's constitutional claim is without merit. Ms. Sarvasova has not rebutted § 8341's strong presumption of constitutionality nor has she demonstrated that the nine month classification is "clearly wrong, a display of arbitrary power, not an exercise of judgment."

## CONCLUSION

We find that the Board's decision affirming the denial of Ms. Sarvasova's claim for a survivor annuity is supported by substantial evidence. The Board's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Because Ms. Sarvasova did not meet her burden in challenging the constitutionality of 5 U.S.C. § 8341(a)(1), we affirm.

No costs.